Christopher E. Hawk, OSB No. 061635
Email: chawk@grsm.com
Direct Dial: (503) 227-8269
GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Tel: (503) 222-1075
Fax: (503) 616-3600

*Attorney for Defendant Neighborly Ventures, Inc.*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| AUSTIN NAYLOR, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> NEIGHBORLY VENTURES, INC. and MWIC BOULEVARD, LLC, <br><br> Defendants. | Case No. 6:22-cv-00719 <br><br> **DEFENDANT'S NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Neighborly Ventures, Inc. ("Neighborly Ventures") hereby gives notice of removal of the above action, entitled *Austin Naylor v. Neighborly Ventures, Inc., et al.*, bearing Case No. 22CV00003, from the Circuit Court for the State of Oregon, County of Benton, to the United States District Court for the District of Oregon, Eugene Division. A true and correct copy of this notice will be filed contemporaneously with the Clerk of the Circuit Court for the State of Oregon, County of Benton, and notice of the removal will be provided to counsel for Plaintiff Austin Naylor ("Plaintiff") and Defendant MWIC Boulevard, LLC ("MWIC") in accordance with 28 U.S.C. § 1446(d). This Notice of

Removal is supported by the Declaration of Kathy Huber ("Huber Decl."). Neighborly Ventures makes these allegations in support of its Notice of Removal:

## I. INTRODUCTION

This case arises out of alleged violations of ORS 90.315(4) by Neighborly Ventures and MWIC. First Amended Complaint ("FAC") attached as Exhibit "A". ORS 90.315 regulates utility or service payments that a landlord may charge to a residential tenant under Oregon's Residential Landlord and Tenant Act, ORS Chapter 90 ("ORLTA"). ORS 90.315(4) lists a landlord rights and responsibilities with respect to utility or service payments charged to a residential tenant. ORS 90.315(4)(f) provides for statutory damages in the event a landlord violates ORS 90.315(4).

Plaintiff is a tenant at the The Boulevard Apartments located in Philomath, Oregon ("The Boulevard"). FAC at ¶ 3. The Boulevard is owned by MWIC and managed by Neighborly Ventures. *Id.* at ¶ 1–2. Plaintiff alleges that the manner in which he was billed by Defendants for utilities at The Boulevard violates ORS 90.315(4) in various respects and also violates ORS 90.245. *Id.* at ¶ 17. Plaintiff brings this action as a putative class action consisting of "[a]ll individuals who now rent, or at any time from March 8, 2019 or later have rented, a dwelling unit subject to ORS 90 and managed by Defendant Neighborly Ventures, Inc. or owned by Defendant MWIC Boulevard, LLC." *Id*. at 10. Plaintiff alleges that "the proposed Class consists of over 200 members." *Id.* at ¶ 11.

As set out more fully below, jurisdiction over this case is proper under the Class Action Fairness Act of 2005 ("CAFA").

/ / /

/ / /

NOTICE OF REMOVAL – 2
Case No. 6:22-cv-00719

## II.     STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under CAFA, which vests the United States District Courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. This case meets all of CAFA's requirements for removal and is timely and properly removed by filing this Notice of Removal.

2. CAFA permits any defendant to unilaterally remove the action absent the consent of all defendants if the requirements of CAFA for removal are met, as they are here. 28 U.S.C. § 1453(b) (CAFA action may be removed "by any defendant without the consent of all defendants."); *see also United Steel, et al. v. Shell Oil Co.*, 549 F.3d 1204, 1208–1209 (9th Cir. 2008) (holding that 28 U.S.C. § 1453's language clarifies that a class action may be removed "by any defendant without the consent of all defendants"); *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1196 (11th Cir. 2007) (holding that other defendants cannot prevent or defeat removal of entire action); *In re Mortgage Electronic Registration Systems, Inc.*, 680 F.3d 849, 853 (6th Cir. 2012) (same). Thus, MWIC's consent to removal is not required.

## III.     VENUE

3. Pursuant to 28 U.S.C. §§117, 1391, 1441(a), and 1446(a), venue lies with this Court because Plaintiff's action is pending in the Circuit Court of the State of Oregon for the County of Benton, which is within this District and Division.

/ / /

## IV. TIMELINESS OF REMOVAL

4. Under CAFA, a defendant may remove within thirty days of receipt of the initial pleading; or, if the initial pleading is not removable under CAFA, then within thirty days of receipt of a document from the plaintiff from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. §§ 1446(b)(1) and (b)(3).

5. Plaintiff filed the Original Complaint on December 30, 2021. Original Complaint, attached as Exhibit B. The Original Complaint did not seek damages and sought injunctive relief only. *Id.* The Original Complaint was not removable under CAFA.

6. On April 15, 2022, Plaintiff filed the First Amended Complaint, which seeks monetary damages and meets the CAFA removal requirements.

7. Removal is timely because this Notice of Removal has been filed within thirty days of the filing of the First Amended Complaint. *See* Fed. R. Civ. P. 6(a)(1)(C); 28 U.S.C. § 1446(b).

## V. CAFA JURISDICTION

8. CAFA grants federal district courts original jurisdiction over a civil class action lawsuit filed under federal or state law: (a) that is a class action with a putative class of more than one hundred members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions under 28 U.S.C. § 1446. This case meets each CAFA requirement for removal, and is timely and properly removed by filing this Notice.

/ / /

/ / /

      A.      **The Proposed Class Contains at Least 100 Members.**

      9.      28 U.S.C. § 1332(d)(5)(B) prohibits jurisdiction under CAFA where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." This requirement is met in this case.

      10.      Plaintiff alleges that "the Class is likely to have more than 200 members." FAC at ¶ 11. Plaintiff seeks to represent a class consisting of "[a]ll individuals who now rent, or at any time from March 8, 2019 or later have rented, a dwelling unit subject to ORS 90 and managed by Defendant Neighborly Ventures, Inc. or owned by Defendant MWIC Boulevard, LLC." *Id*. at 10.

      11.      The Boulevard is an apartment complex with 258 units. Huber Decl. ¶ 5. It opened and began leasing units in August 2019. *Id*. The complex consistently maintains a 98% occupancy rate. *Id*. at ¶ 6. This means during the time in question approximately 250 units have been occupied by tenants. Plaintiff alleges that the Class includes "[a]ll individuals who now rent, or at any time from March 8, 2019 or later have rented" any apartment at The Boulevard. FAC at ¶ 11. Therefore, if only counting individuals who currently rent, the class description would include at least 200 members, as alleged in the Complaint. *See Id*. at ¶ 11. This number will be larger when including the unknown number of tenants who rented an apartment at The Boulevard on or after August 1, 2019 but have since terminated their lease. *See* Huber Decl. ¶ 9.

      B.      **No Primary Defendants Are Governmental Entities**

      12.      Under 28 U.S.C. §1332(d)(5)(B), CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

13. Neighborly Ventures is not a State, State official, or other governmental entity. Neighborly Ventures is a private business entity. Huber Decl. at ¶ 3. Neighborly Ventures' parent entities are all private business entities. *Id.*

14. Upon information and belief, Defendant MWIC Boulevard, LLC ("MWIC") is not a State, State official, or other governmental entity. MWIC is a private business entity. *Id.*

### C. There Is Diversity Between Plaintiff Class Members and Defendants

15. CAFA's minimal diversity requirement is satisfied when "*any member* of a class of plaintiffs is a citizen of a State different from *any defendant*." 28 U.S.C. §§ 1332(d)(2)(A) (emphasis added), 1453(a); *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017) (*citing* 28 U.S.C. §) 1332(d)(2)(A)). For removal purposes, diversity must exist both when the action was commenced in state court and at the time of removal. *See Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). Minimal diversity of citizenship exists here because Defendant and at least some members of the class are citizens of different states.

16. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined at the time the lawsuit is filed); *see also Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id*.

17. Neighborly Ventures, Inc. is a corporation organized and existing under the laws of the State of Oregon with its principal place of business in Oregon. Huber Decl. at ¶ 4. Minimal diversity can be established if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 42 U.S.C. § 1332(d)(2)(A).

18. The Class is made up of every person who leased an apartment at The Boulevard for some period of time between March 8, 2019 and the present. FAC at ¶ 11. The Boulevard has 258 units and began leasing units in August 2019. Huber Decl. at ¶ 5. It is located approximately three miles from Oregon State University and has a bus stop in front that provides transportation directly to the university. *Id*. at ¶ 7. Because the property is very convenient to the university, many of the tenants are students at the university. *Id*. at ¶ 8. An estimated fifty to sixty percent of current tenants residing in the complex are students at Oregon State University. *Id*. Based on out of state driver licenses or other identification, out of state license plates on tenant vehicles, and rent payment received for students from parents living out of state, a majority of the student tenant population are from out of state. *Id*.; *See Smith v. Simmons*, No. 105-CV-01187, 2008 WL 744709, at *9 (E.D. Cal. Mar. 18, 2008)("Domicile can potentially exist without residence when, for example, a student leaves a state of residence to attend school in another state, but for all purposes considers his or her domicile to be his or her original home state.")

19. The class also includes tenants that have moved away from The Boulevard. Since August 2019, hundreds of tenants have vacated their apartments for one reason or another. Huber Decl. at ¶ 9. During the beginning of the COVID-19 pandemic in particular, the Boulevard experienced a larger turnover rate because out of state students returned home while university classes were held virtually. *Id*. Approximately fifty percent of individuals who have vacated a

unit, for whatever reason, left out of state forwarding addresses, indicating that they are no longer citizens of Oregon. *Id*. at ¶ 10.

20. In addition to the student population, the Boulevard also rents to travel nurses, who are professionals from out of state that take temporary nursing positions in nearby hospitals or medical inters who are temporarily serving in the community. *Id*. at ¶ 11.

21. The putative class contains members who are citizens of a state different from Neighborly Ventures. Thus, minimal diversity exists for purposes of CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

    **E.**    **The Amount in Controversy Exceeds $5,000,000**[1]

22. CAFA, authorizes the removal of class actions in which, among the other factors mentioned above, the amount in controversy for all putative class members exceeds $5,000,000. 28 U.S.C. § 1332(d).

23. The removal statute requires a defendant seeking to remove a case to federal court to file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). In *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014), the U.S. Supreme Court recognized that "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Id.* at 554. "[T]he defendant's amount-in-controversy

---

[1] The alleged damages calculations contained herein are for purposes of removal only. Neighborly Ventures expressly denies that Plaintiff or the putative class is entitled to any relief whatsoever, and Neighborly Ventures expressly reserves the right to challenge Plaintiff's alleged damages in this case, including without limitation how Plaintiff is attempting to calculate damages under ORS 90.315(4)(f). *See, e.g., Messner v. Cambridge Real Estate Services, Inc.*, Case No. 19CV28815 (Mult. Co. May 22, 2020) (rejecting damages claims identical to the damages claims made by plaintiffs).

allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id.* at 553.

24.  Neighborly Ventures denies the validity and merit of the entirety of Plaintiff's alleged claims, the legal theories upon which they are ostensibly based, and the alleged claims for monetary and other relief that flow therefrom (including Plaintiff's alleged calculation of damages under ORS 90.315(4)(f)). For purposes of removal only, however, and without conceding that Plaintiff or the putative class are entitled to any damages or penalties whatsoever, it is readily apparent that the aggregated claims of the putative class establishes, by a preponderance of evidence, that the amount in controversy exceeds the jurisdictional minimum of $5,000,000.

25.  To determine whether the amount in controversy has been satisfied, the Court must presume that the plaintiff will prevail on his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (*citing Burns v. Windsor Ins. Co.*, 31 F. 3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability."). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what the defendant might actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds $5,000,000, defendants "are still free to challenge the actual amount of damages in subsequent proceedings and at trial" because they are only estimating the amount in controversy).

26. Here, Plaintiff does not allege the amount in controversy in the First Amended Complaint. In his prayer for relief, Plaintiff seeks damages under ORS 90.315(4)(f) as well as attorney fees, costs, and disbursements under ORS 90.255. FAC ¶18, Prayer ¶ 3.

27. Under ORS 90.315(4)(f), Plaintiff seeks, on behalf of himself and each putative class member, "the greater of twice the amount wrongfully charged or one month rent" for "each occasion on or after March 8, 2019 where Defendant imposed utility charge in violation of ORS 90.315(4)," FAC at Prayer for Relief ¶ 3. Plaintiff alleges in the First Amended Complaint that "the proposed Class consists of over 200 members." *Id.* at ¶ 11. He claims that a violation occurred for each member of the class every month. *Id*. at ¶¶ 5-9.

28. Plaintiff's monthly rent for his residential unit at the The Boulevard is $1,385 per month. *Id*. at ¶ 3. Some members of the putative class have periodic monthly rent lower than this amount; some have periodic monthly rent higher than this amount. Huber Decl. at ¶ 12. Currently units at the Boulevard rent between approximately $1,600 and $2,300 per month. *Id.* This amount fluctuates based on the market. *Id*. For purposes of approximating the amount in controversy, Plaintiff's monthly rent of $1,385, which is below the current average rent, will be considered an average or typical amount. *See Id.*. For the purpose of a plausible estimate of the amount in controversy, Plaintiff seeks an average of $1,385 for each and every month from August 1, 2019, the date the month the Boulevard opened, to present (a time period of approximately thirty-two months) in which an alleged violation of ORS 90.315(4) occurred. See FAC at ¶10; Prayer ¶ 3.

29. Under Plaintiff's class description and theory of damages, if each apartment unit were rented continuously, to the same or multiple tenants, for the thirty-two month period, then Defendants could owe thirty-two month's rent for each unit. Using the average rent of $1,385,

each unit represents potential damages in the amount of $44,320. The Boulevard has 258 units. Huber Decl. at ¶ 5. If every unit were rented for the thirty-two month period, the total amount in controversy would total $11,434,560 ($1,385 x 32 x 258). Even if each unit were only rented for an average of twenty of the thirty-six month time period, the amount in controversy would be $7,146,600 ($1,385 x 20 x 258).

30. Plaintiff also seeks attorney fees, costs, and disbursements under ORCP 32(M) and ORS 90.255 (allowing same to prevailing party for actions arising out of a rental agreement or ORS Chapter 90). *Id.* ¶ 18.

31. Removal of this action is therefore proper as the aggregate value of Plaintiff's class causes of action for alleged violations of ORS 90.315(4)(a)–(e) and ORS 90.302(8) and attorney fees, costs, and disbursements are far in excess of the CAFA jurisdictional requirement of $5 million. *See* 28 U.S.C. § 1332(d)(2).

## VI.    CONCLUSION

32. Following filing this Notice of Removal in the United States District Court for the District of Oregon, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record and MWIC's counsel of record, and a copy of the Notice of Removal will be filed with the Clerk of the Benton County Circuit Court.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

NOTICE OF REMOVAL – 11
Case No. 6:22-cv-00719

WHEREFORE, Neighborly Ventures removes this action from the Circuit Court of the State of Oregon for the County of Benton to the Eugene Division of the United States District Court for the District of Oregon.

Dated: May 16, 2022

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

By: *s/ Christopher E. Hawk*
Christopher E. Hawk, OSB No. 061635
chawk@grsm.com
*Attorney for Defendant Neighborly Ventures, Inc.*